UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SERIGNE FALLOU SOW,

                Petitioner,                    Case No. 1:26-cv-818

v.                                    Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I.      Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner and grant Petitioner such further relief as is deemed just and proper. (Pet., ECF No. 1, PageID.7.)

In an order entered on March 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the

March 9, 2026, bond hearing on March 19, 2026. (Resp., ECF No. 4; Recording of Mar. 9, 2026, Bond Hearing, filed on Mar. 19, 2026.) Petitioner filed his reply on March 20, 2026, (ECF No. 5.).

## II.    Relevant Factual Background

Petitioner is a citizen of Senegal who entered the United States in February 2024. (Pet., ECF No. 1, PageID.2, 3.) On January 21, 2026, Petitioner was arrested by ICE. (*Id.*, PageID.3.)

On February 17, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Sow v. Raycraft et al.* (*Sow I*), No. 1:26-cv-538 (W.D. Mich.). In *Sow I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Sow I*, (W.D. Mich. Mar. 2, 2026), (ECF Nos. 8, 9.)

On March 9, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Mar. 9, 2026, Order, ECF No. 4-4, PageID.102–105.) At that hearing, Petitioner argued that he was not a danger to the community or a flight risk because he had no criminal record, was employed as an Uber driver, had a sponsor, and community ties. (Recording of Mar. 9, 2026, Bond Hearing at 1:28–2:40, 3:34–4:04, filed on Mar. 19. 2026.) Respondents argued that Petitioner was a flight risk as he has been present in the country for a short period of time, did not provide a lease, did not provide any proof of assets, and does not have any family present in the country. (*Id*. at 2:42–3:31, filed on Mar. 19. 2026.) At the conclusion of the March 9, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> Flight risk. Recent entry. Entry in 2024. There is little evidence of employment history such as W2s, no evidence of fixed address, no family connections in the U.S., etc.

(Mar. 9, 2026, Order, ECF No. 4-4, PageID.104.)

**III.    Discussion**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 9, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    April 24, 2026                          /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge

3